

**United States Department of Justice**

*United States Attorney*
*Southern District of West Virginia*

Robert C. Byrd United States Courthouse
300 Virginia Street, East
Suite 4000
Charleston, WV 25301
1-800-659-8726

*Mailing Address*
*Post Office Box 1713*
*Charleston, WV 25326*
*304-345-2200*
*FAX: 304-347-5104*

February 20, 2014


Arthur W. Leach, Esquire
5780 Windward Parkway
Suite 225
Alpharetta, GA 30005

Samuel D. Marsh, Esquire
Carrico Law Offices, PLLC
1412 Kanawha Blvd., East
Charleston, WV 25301


Re:  United States v. Daniel Berg

Dear Gentlemen:

This will confirm our conversations with regard to your client, Daniel Berg (hereinafter "Mr. Berg").  As a result of these conversations, it is agreed by and between the United States and Mr. Berg as follows:

1.  **CHARGING AGREEMENT.**  Mr. Berg agrees to waive his right pursuant to Rule 7 of the Federal Rules of Criminal Procedure to be charged by indictment and will consent to the filing of a single-count information to be filed in the United States District Court for the Southern District of West Virginia, a copy of which is attached hereto as "Plea Agreement Exhibit A."

2.  **RESOLUTION OF CHARGES.**  Mr. Berg will plead guilty to a violation of 18 U.S.C. §§ 1014 and 2 (false statement to a financial institution and aiding and abetting) as charged in said information.

3.  **MAXIMUM POTENTIAL PENALTY.**  The maximum penalty to which Mr. Berg will be exposed by virtue of this guilty plea is as follows:

Defendant's
Initials

Arthur W. Leach, Esquire
Samuel D. Marsh, Esquire
February 20, 2014                         Re: Daniel Berg
Page 2

    (a)   Imprisonment for a period of 30 years;

    (b)   A fine of $1,000,000, or twice the gross pecuniary gain or twice the gross pecuniary loss resulting from defendant's conduct, whichever is greater;

    (c)   A term of supervised release of 5 years;

    (d)   A mandatory special assessment of $100 pursuant to 18 U.S.C. § 3013; and

    (e)   An order of restitution pursuant to 18 U.S.C. §§ 3663A and 3664, or as otherwise set forth in this plea agreement.

    4.   **SPECIAL ASSESSMENT.**   Prior to the entry of a plea pursuant to this plea agreement, Mr. Berg will tender a check or money order to the Clerk of the United States District Court for $100, which check or money order shall indicate on its face the name of defendant and the case number.   The sum received by the Clerk will be applied toward the special assessment imposed by the Court at sentencing.   Mr. Berg will obtain a receipt of payment from the Clerk and will tender a copy of such receipt to the United States, to be filed with the Court as an attachment to this plea agreement.   If Mr. Berg fails to provide proof of payment of the special assessment prior to or at the plea proceeding, the United States will have the right to void this plea agreement.   In the event this plea agreement becomes void after payment of the special assessment, such sum shall be promptly returned to Mr. Berg.

    5.   **PAYMENT OF MONETARY PENALTIES.**   Mr. Berg agrees not to object to the District Court ordering all monetary penalties (including the special assessment, fine, court costs, and any restitution that does not exceed the amount set forth in this plea agreement) to be due and payable in full immediately and subject to immediate enforcement by the United States.   So long as the monetary penalties are ordered to be due and payable in full immediately, Mr. Berg further agrees not to object to the District Court imposing any schedule of payments as merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to

                                                                            Defendant's
                                                                           (Initials

Arthur W. Leach, Esquire
Samuel D. Marsh, Esquire
February 20, 2014                          Re: Daniel Berg
Page 3

the United States to enforce the judgment.

6. **COOPERATION.**   Mr. Berg will be forthright and truthful with this office and other law enforcement agencies with regard to all inquiries made pursuant to this agreement, and will give signed, sworn statements and grand jury and trial testimony upon request of the United States.   In complying with this provision, Mr. Berg may have counsel present except when appearing before a grand jury. Further, Mr. Berg agrees to be named as an unindicted co-conspirator and unindicted aider and abettor, as appropriate, in subsequent indictments or informations.

7. **USE IMMUNITY.**   Unless this agreement becomes void due to a violation of any of its terms by Mr. Berg, and except as expressly provided for in paragraph 10 below, nothing contained in any statement or testimony provided by Mr. Berg pursuant to this agreement, or any evidence developed therefrom, will be used against Mr. Berg, directly or indirectly, in any further criminal prosecutions or in determining the applicable guideline range under the Federal Sentencing Guidelines.

8. **LIMITATIONS ON IMMUNITY.**   Nothing contained in this agreement restricts the use of information obtained by the United States from an independent, legitimate source, separate and apart from any information and testimony provided pursuant to this agreement, in determining the applicable guideline range or in prosecuting Mr. Berg for any violations of federal or state laws. The United States reserves the right to prosecute Mr. Berg for perjury or false statement if such a situation should occur pursuant to this agreement.

9. **STIPULATION OF FACTS AND WAIVER OF FED. R. EVID. 410.**   The United States and Mr. Berg stipulate and agree that the facts comprising the offense of conviction and relevant conduct include the facts outlined in the "Stipulation of Facts," a copy of which is attached hereto as "Plea Agreement Exhibit B."

Mr. Berg agrees that if he withdraws from this agreement, or this agreement is voided as a result of a breach of its terms by Mr. Berg, and Mr. Berg is subsequently tried on any of the charges in

Defendant's
Initials

Arthur W. Leach, Esquire
Samuel D. Marsh, Esquire
February 20, 2014
Page 4                                    Re: Daniel Berg

the information, the United States may use and introduce the
Stipulation of Facts in the United States case-in-chief, in
cross-examination of Mr. Berg or of any of his witnesses, or in
rebuttal of any testimony introduced by Mr. Berg or on his behalf.
Mr. Berg knowingly and voluntarily waives, see United States v.
Mezzanatto, 513 U.S. 196 (1995), any right he has pursuant to Fed.
R. Evid. 410 that would prohibit such use of the Stipulation of Facts.
If the Court does not accept the plea agreement through no fault of
the defendant, or the Court declares the agreement void due to a
breach of its terms by the United States, the Stipulation of Facts
cannot be used by the United States.

    The United States and Mr. Berg understand and acknowledge that
the Court is not bound by the Stipulation of Facts and that if some
or all of the Stipulation of Facts is not accepted by the Court, the
parties will not have the right to withdraw from the plea agreement.

    10.  **AGREEMENT ON SENTENCING GUIDELINES.**  Based on the
foregoing Stipulation of Facts, the United States and Mr. Berg agree
that the following provisions of the United States Sentencing
Guidelines apply to this case.

Information:

> USSG §2B1.1
>
> Base offense level                              7
>
> Loss greater than $30,000                     + 6
>
> Adjusted Offense Level                         13

    The United States and Mr. Berg acknowledge and understand that
the Court and the Probation Office are not bound by the parties'
calculation of the United States Sentencing Guidelines set forth
above and that the parties shall not have the right to withdraw from
the plea agreement due to a disagreement with the Court's calculation
of the appropriate guideline range.

                                        _____
                                              Defendant's
                                              Initials

Arthur W. Leach, Esquire
Samuel D. Marsh, Esquire
February 20, 2014                         Re: Daniel Berg
Page 5

11. **WAIVER OF APPEAL AND COLLATERAL ATTACK.**   Mr. Berg knowingly and voluntarily waives the right to seek appellate review of his conviction and of any sentence of imprisonment or fine imposed by the District Court, or the manner in which the sentence was determined, on any ground whatsoever including any ground set forth in 18 U.S.C. § 3742, so long as that sentence of imprisonment or fine is below or within the Sentencing Guideline range corresponding to offense level 13.   The United States also waives its right to seek appellate review of any sentence of imprisonment or fine imposed by the District Court, or the manner in which the sentence was determined, on any ground whatsoever including any ground set forth in 18 U.S.C. § 3742, so long as that sentence of imprisonment or fine is within or above the Sentencing Guideline range corresponding to offense level 11.

Mr. Berg also knowingly and voluntarily waives the right to challenge his guilty plea and his conviction resulting from this plea agreement, and any sentence imposed for the conviction, in any collateral attack, including but not limited to a motion brought under 28 U.S.C. § 2255.

The waivers noted above shall not apply to a post-conviction collateral attack or direct appeal based on a claim of ineffective assistance of counsel.

12. **WAIVER OF FOIA AND PRIVACY RIGHT.**   Mr. Berg knowingly and voluntarily waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without any limitation any records that may be sought under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a, following final disposition.

13. **FINAL DISPOSITION.** The matter of sentencing is within the sole discretion of the Court. The United States has made no representations or promises as to a specific sentence.   The United States reserves the right to:

(a)   Inform the Probation Office and the Court of all relevant

_____
Defendant's
Initials

Arthur W. Leach, Esquire
Samuel D. Marsh, Esquire
February 20, 2014                       Re: Daniel Berg
Page 6

        facts and conduct;

(b)   Present evidence and argument relevant to the factors enumerated in 18 U.S.C. § 3553(a);

(c)   Respond to questions raised by the Court;

(d)   Correct inaccuracies or inadequacies in the presentence report;

(e)   Respond to statements made to the Court by or on behalf of Mr. Berg;

(f)   Advise the Court concerning the nature and extent of Mr. Berg's cooperation; and

(g)   Address the Court regarding the issue of Mr. Berg's acceptance of responsibility.

14.  **VOIDING OF AGREEMENT.**  If either the United States or Mr. Berg violates the terms of this agreement, the other party will have the right to void this agreement. If the Court refuses to accept this agreement, it shall be void.

15.  **ENTIRETY OF AGREEMENT.**  This written agreement constitutes the entire agreement between the United States and Mr. Berg in this matter.  There are no agreements, understandings or recommendations as to any other pending or future charges against Mr. Berg in any Court other than the United States District Court for the Southern District of West Virginia.

    Acknowledged and agreed to on behalf of the United States:

                    R. BOOTH GOODWIN II
                    United States Attorney

By:

                    THOMAS C. RYAN
                    Assistant United States Attorney

                              Defendant's
                              Initials

Arthur W. Leach, Esquire
Samuel D. Marsh, Esquire
February 20, 2014                          Re: Daniel Berg
Page 7


I hereby acknowledge by my initials at the bottom of each of the
foregoing pages and by my signature on the last page of this
seven-page agreement that I have read and carefully discussed every
part of it with my attorneys, that I understand the terms of this
agreement, and that I voluntarily agree to those terms and conditions
set forth in the agreement.  I further acknowledge that my attorneys
have advised me of my rights, possible defenses, the Sentencing
Guideline provisions, and the consequences of entering into this
agreement, that no promises or inducements have been made to me other
than those in this agreement, and that no one has threatened me or
forced me in any way to enter into this agreement.  Finally, I am
satisfied with the representation of my attorneys in this matter.


_____        05/02/2014
                                        _____
DANIEL BERG                             Date Signed
Defendant

_____        5-6-14
ARTHUR W. LEACH                         _____
Counsel for Defendant                   Date Signed

_____        5/16/14
SAMUEL D. MARSH                         _____
Counsel for Defendant                   Date Signed

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
BLUEFIELD

UNITED STATES OF AMERICA

v.

DANIEL BERG

## STIPULATION OF FACTS

The United States and Daniel Berg ("Mr. Berg") stipulate and agree that the facts comprising the offense of conviction in the Southern District of West Virginia include the following:

In the summer of 2004, Mr. Berg and another person known to the United States Attorney formed Mountain America, LLC, and purchased land near the town of Union, Monroe County for the purpose of developing a residential community. The development was referred to as the Walnut Springs Mountain Reserve. Mountain America operated primarily out of an office in the town of Lewisburg, Greenbrier County.

In April 2005, Mr. Berg assisted a person known to the United States Attorney ("Known Person One") in the submission of a loan application to the Fayetteville, Fayette County branch office of United Bank to build a home on a 5.88 acre parcel of land known as "Walnut Ridge Lot 1." On or about May 13, 2005, United Bank approved a construction loan.

On or about May 13, 2005, Mr. Berg caused Mountain America to submit a false draw request on the construction loan, requesting $68,096 in reimbursement purportedly for construction expenses. United Bank approved the draw and deposited said funds into Mountain America's construction control checking account.

Defendant's
Initials

PLEA AGREEMENT EXHIBIT B

On or about May 19, 2005, Mr. Berg wrote a check in the amount of $37,282 from the Mountain America construction control account to Known Person One. Those funds were used by Known Person One for personal expenses wholly unrelated to the construction of a home on Walnut Ridge Lot 1.

This Stipulation of Facts does not contain each and every fact known to Mr. Berg and to the United States concerning his involvement and the involvement of others in the charges set forth in the Information, and is set forth for the limited purpose of establishing a factual basis for the defendant's guilty plea.

Stipulated and agreed to:

_____          05/02/2014
DANIEL BERG                                _____
Defendant                                   Date

_____          5-6-14
ARTHUR W. LEACH                            _____
Counsel for Defendant                       Date

_____          _____
SAMUEL D. MARSH                             Date
Counsel for Defendant

_____          5·15·14
THOMAS C. RYAN                             _____
Assistant United States Attorney            Date

Defendant's
Initials

PLEA AGREEMENT EXHIBIT B

2